[No. 43605.    En Banc.    October 9, 1975.]

GENE W. SHEPPARD, *Appellant*, v. BLACKSTOCK LUMBER COMPANY, INC., *et al*, *Respondents*.

*P. R. McIntosh*, for appellant.

*Davis, Wright, Todd, Riese & Jones,* by *Hall Baetz* and *Ralph L. Hawkins, Jr.,* for respondents.

HAMILTON, J.—This appeal challenges the validity of a forfeiture-for-competitive-activities provision in a profit-sharing retirement plan.

Appellant Mr. Sheppard was for 23 years (1949 to 1972) an employee of respondent Blackstock Lumber Company. During this period he acquired a vested interest in a profit-sharing retirement plan established by respondent. In 1972, appellant left respondent's employ and established in Seattle his own woodworking business, involving activities substantially identical to those he performed for respondent (millwork and custom woodwork). Some of his customers were or had been customers of respondent. Respondent advised him by letter that continuation of his competitive activities would result in forfeiture of his undrawn share in the retirement plan, pursuant to the following provision of that plan:

Section 4. FORFEITURE FOR DETRIMENTAL COMPETITIVE ACTIVITIES. The vested equity or any portion thereof which has not been paid after the same becomes payable in accordance with the provisions of this Plan shall be forfeited if the former Participant, to whom such equity or such portion is payable, engages in or enters the employment of any person, firm or corporation engaged in any business which the Board of Directors of Company decided is in competition with or detrimental to the business of Company if, after written notice of such decision, sent to such former Participant by certified mail return receipt, such Participant remains in such occupation beyond any reasonable period of time stated in said notice.

Appellant continued his activities in spite of this warning, and brought an action for a restraining order, declaratory judgment, and damages. The trial court gave summary judgment for respondent. Mr. Sheppard appealed, contending that the forfeiture provision is unenforceable as an impermissible restraint of trade.

The question of the validity of such a forfeiture

provision has not before been considered by this court, though other courts and commentators have considered the problem. *Validity, Construction, and Effect of Provision Forfeiting or Suspending Benefits in Event of Competitive Employment as Part of Retirement or Pension Plan*, Annot., 18 A.L.R.3d 1246 (1968). Our consideration begins with the premise that retirement benefits such as those involved here are not a gratuity but constitute deferred compensation for services rendered, and the employer's obligation to pay those benefits is contractual in nature. This doctrine is well settled in Washington: *Bakenhus v. Seattle*, 48 Wn.2d 695, 296 P.2d 536 (1956) (pension granted to public employee); *Dorward v. ILWU-PMA Pension Plan*, 75 Wn.2d 478, 452 P.2d 258 (1969) (private pension plans established by collective bargaining agreements); *Jacoby v. Grays Harbor Chair & Mfg. Co.*, 77 Wn.2d 911, 468 P.2d 666 (1970) (voluntary noncontributory employer-financed plan); and *Scott v. J.F. Duthie & Co.*, 125 Wash. 470, 216 P. 853, 28 A.L.R. 328 (1923) (profit-sharing plans).

▆ The precise question is whether such a contractual provision is an illegal restraint of trade, in violation of Const. art. 12, § 22[1] and of RCW 19.86.030, which provides:

> Every contract, combination, in the form of trust or otherwise, or conspiracy in restraint of trade or commerce is hereby declared unlawful.

We note that while contracts in general restraint of trade are void and unenforceable, contracts in partial restraint of trade may be enforced if reasonable. 6A A. Corbin, *Con-*

---

[1] "Monopolies and trusts shall never be allowed in this state, and no incorporated company, copartnership, or association of persons in this state shall directly or indirectly combine or make any contract with any other incorporated company, foreign or domestic, through their stockholders, or the trustees or assignees of such stockholders, or with any copartnership or association of persons, or in any manner whatever for the purpose of fixing the price or limiting the production or regulating the transportation of any product or commodity. The legislature shall pass laws for the enforcement of this section by adequate penalties, and in case of incorporated companies, if necessary for that purpose, may declare a forfeiture of their franchises." Const. art. 12, § 22.

*tracts* § 1394, at 89-106 (1962); 14 S. Williston, *A Treatise on the Law of Contracts* § 1638, at 111-12 (3d ed. W. Jaeger 1972). The concept that a valid contract may partially restrain trade was recognized by the Oregon Supreme Court in *Kelite Prods., Inc. v. Brandt*, 206 Ore. 636, 294 P.2d 320 (1956), in which that court applied a reasonableness test, and upheld a noncompetition clause in an employment contract as reasonable under the facts and circumstances. In a subsequent case, the Oregon court relied on the *Kelite* rationale in determining the issue now before us—that is, validity of a forfeiture provision in a noncontributory, profit-sharing retirement plan. The court considered the validity question to be appropriately determined by a reasonableness test such as that applied in *Kelite. Lavey v. Edwards*, 264 Ore. 331, 505 P.2d 342 (1973).

■■ We agree with the Oregon court's approach. The forfeiture clause is indeed an inhibitive influence on an employee's decision whether to accept a new job. Oftentimes new employment will not compensate for the loss of retirement benefits. *See* Note, 50 Cornell L.Q. 673 (1965). However, we do not consider such clauses void and invalid per se,[2] but agree with the *Lavey* court that validity of such clauses should be determined as is the validity of a noncompetition clause in an employment contract—by a test of reasonableness. 50 Cornell L.Q., *supra*; Comment, *Forfeiture of Pension Benefits for Violation of Covenants not to Compete*, 61 Nw. U.L. Rev. 290 (1966). This is consistent with the restatement test (2 ALI Restatement of the Law of Contracts 987-1002 (1932)), and with the statement of that test in Blake, *Employee Agreements not to Compete*, 73 Harv. L. Rev. 625 (1960). The author of that article set out the test as follows at pages 648-49:

> A covenant restraining an employee from competing with his former employer on termination of employment is valid if it is reasonable in view of the circumstances of

[2]We note that current federal law, effective subsequent to the events here involved, does not permit private retirement benefit plans to contain such forfeiture provisions. 29 U.S.C. § 1053 (1974).

the particular case. A restraint is reasonable only if it (1) is no greater than is required for the protection of the employer, (2) does not impose undue hardship on the employee, and (3) is not injurious to the public.

(Footnotes omitted.)

Further, and more significantly, the position we adopt is consistent with and is a natural progression from our earlier decision in *Wood v. May,* 73 Wn.2d 307, 438 P.2d 587 (1968), wherein we applied a reasonableness test to determine the validity of a noncompetition clause in an employment contract.

As we have before us no evidence relating to the reasonableness of the provision under the circumstances of this case, we cannot speculate as to the precise factors which would be here determinative; however, certainly time and area restrictions would be significant considerations. Here, appellant was prohibited from any competitive activity anywhere or anytime, with the determination of what constituted "competitive activity" to be made by respondent's board of directors. Clearly such a provision could be subject to abuse and goes far beyond what would be reasonably necessary to protect respondent. In many circumstances it might be that an employee with a not unusual skill could not reasonably be restrained from its exercise at all, especially in as large an economic area as Seattle. The facts and circumstances of each case must control, and the burden must be on the employer to establish the reasonableness of any restrictions sought to be imposed on former employees in the form of a forfeiture of retirement benefits.

■ The final question relates to appropriate remedy. Our view of the forfeiture provision amounts to a determination that as written it is unreasonable. Can a court modify its terms and enforce it in a reasonable manner? Respondent apparently anticipated both our view of the provision and this question, for in its brief respondent asserts that because appellant did not plead and prove facts relating to reasonableness at the trial, that issue may not now be considered, and unless we determine that all forfeiture

provisions are unlawful, we must affirm the trial court. Respondent's position is anomalous—its result would be to uphold the forfeiture provision in this case while announcing the reasonableness test as the rule for later cases. This is an approach which we cannot accept. The party seeking to enforce a restraint by way of forfeiture of a contract right must prove the equities are in her or his favor. *Van Hosen v. Bankers Trust Co.*, 200 N.W.2d 504 (Iowa 1972); Note, 6 Creighton L. Rev. 235 (1972). The fact that appellant did not introduce evidence relating to reasonableness is therefore irrelevant.

■  The question thus remains whether a trial court on remand can modify and enforce the provision. For a solution, we turn again to *Wood v. May, supra*, where, confronted with an almost identical problem, we decided that the proper rule is that a contract in restraint of trade may be enforced by a court exercising its inherent equity powers to the extent such a restraint would be reasonable and lawful, and where partial enforcement is possible without injury to the public and without injustice to the parties. *Wood v. May, supra* at 312-13. As we noted in *Wood*, this test has the approval of Professor Corbin, 6A A. Corbin, *Contracts* § 1390 (1962), and Professor Williston, 5 S. Williston, *A Treatise on the Law of Contracts* § 1660 (rev. ed. 1937). As in *Wood*, therefore, we reverse and remand for trial for the purpose of determining to what extent, if any, the forfeiture provision provides a reasonable restraint and to what extent it may be enforceable. It is so ordered.

STAFFORD, C.J., and FINLEY, ROSELLINI, HUNTER, WRIGHT, UTTER, BRACHTENBACH, and HOROWITZ, JJ., concur.