RALPH S. HARRIS v. MYRON R. BOLIN, AS TRUSTEE
OF M. R. BOLIN ADVERTISING PUBLIC RELATIONS
AGENCY, INC., PROFIT SHARING TRUST, AND OTHERS.
WARREN SPANNAUS,
ATTORNEY GENERAL, INTERVENOR.

247 N. W. 2d 600.

October 1, 1976—No. 46465.

*Doherty, Rumble & Butler, Vance K. Opperman,* and *Alan I. Silver,* for appellant.

*Lindquist & Vennum, Edward J. Parker,* and *David E. Krause,* for respondent.

*Warren Spannaus,* Attorney General, and *Richard S. Slower,* Special Assistant Attorney General, for intervenor.

Heard before Rogosheske, Kelly, and Scott, JJ., and considered and decided by the court en banc.

Scott, Justice.

This is an appeal from a summary judgment entered pursuant

to an order of the Hennepin County District Court against the trustee of the M. R. Bolin Advertising Public Relations Agency, Inc., Profit Sharing Trust. The action was brought by Ralph S. Harris to recover profit sharing funds contributed on his behalf by his employer, the Bolin Agency. His claim to the funds was refused when he left the Bolin Agency to work for a competing advertising firm in violation of Section II, Article 7, Paragraph 7.04, of the profit sharing plan and trust agreement. Following plaintiff's motion for summary judgment, the court entered an amended order holding Paragraph 7.04 of the agreement void under Minn. St. 181B.101 and an illegal restraint of trade under common law. We affirm.

Plaintiff was employed by the Bolin Agency from October 15, 1961, to July 1, 1971. He left the agency to join another advertising firm located in Minneapolis. When Harris left the Bolin Agency the value of his trust account was $14,301.14, and of that amount $12,871.03 was vested. Under Section II, Article 7, Paragraphs 7.01 and 7.03 of the profit sharing plan and trust agreement, a vested interest is not forfeited by the employee upon termination of employment with the Bolin Agency. A vested interest, however, is subject to forfeiture under Section II, Article 7, Paragraph 7.04:

"* * * [I]f an employee leaves the Company to enter into a competing business, the Trustee, in his discretion, may declare all or any part of the employer's contribution to an employee's account forfeited."

In this case, the trustee declared plaintiff's entire vested interest forfeited. The funds in the profit sharing trust were contributed by the employer. After plaintiff left the Bolin Agency, two clients of that agency switched their business to plaintiff's new employer.

The issue to be determined is whether the district court was correct in holding that the forfeiture clause in the profit sharing plan and trust agreement is an illegal restraint of trade.

There is no Minnesota case involving the validity of a for-

feiture declared under an anticompetition clause in a pension or profit sharing plan, and Minnesota does not have a statute proscribing restraints on the right to pursue a lawful profession. This court, however, has held that forfeitures under covenants against competition are not favored and those claiming them must show that the equities are on their side. Naftalin v. John Wood Co. 263 Minn. 135, 116 N. W. 2d 91 (1962); Bennett v. Storz Broadcasting Co. 270 Minn. 525, 134 N. W. 2d 892 (1965). A policy disfavoring anticompetitive provisions is evidenced by Minn. St. 325.8013, which forbids contracts which unreasonably restrain trade.[1] The same policy is evidenced by Minn. St. 181B.101.[2] On the other hand, this court has upheld covenants not to compete in employment contracts where the restriction is no greater than reasonably necessary to protect the employer's business. Walker Employment Service, Inc. v. Parkhurst, 300 Minn. 264, 219 N. W. 2d 437 (1974).

Any analysis of the forfeiture involved here should begin by noting that the employer's contributions to the profit sharing plan are not a gratuity but constitute deferred compensation for services rendered. Van Hosen v. Bankers Trust Co. 200 N. W. 2d 504 (Iowa 1972); Boyer v. Piper, Jaffray & Hopwood, Inc. 391 F. Supp. 471 (D. S. D. 1975). The purpose of profit sharing plans is to provide an incentive program which will make the employer competitive in hiring and retaining personnel. Under the terms of the profit sharing plan and trust agreement before us, the trustee is obligated to pay an employee the vested portion of his account unless that amount has been forfeited. The Bolin Agency's contributions are deductible from gross earnings

---

[1] Sheppard v. Blackstock Lbr. Co., Inc. 85 Wash. 2d 929, 540 P. 2d 1373 (1975), held a similar statute applicable to a forfeiture clause in a profit sharing retirement plan.

[2] Minn. St. 181B.101 states in part: "A clause in a pension or profit sharing plan which provides that the employee will lose a vested right or vested pension or profit sharing benefit if the employee joins a competing employer is void."

under § 404 of the Internal Revenue Code of 1954 (26 USCA, § 404) and under Minn. St. 290.26.

The effect to be given a forfeiture-for-competitive-activities clause of a profit sharing plan has been the subject of several cases and commentaries. See, e. g., Food Fair Stores, Inc. v. Greeley, 264 Md. 105, 285 A. 2d 632 (1972); Blake, *Employee Agreements Not to Compete*, 73 Harv. L. Rev. 625; Koehn & Ptacek, *Employer Protection Against Loss of the Key Employee*, 57 Iowa L. Rev. 75; Annotation, 18 A. L. R. 3d 1246. Defendant cites Rochester Corp. v. Rochester, 450 F. 2d 118 (4 Cir. 1971), and Van Pelt v. Berefco, Inc. 60 Ill. App. 2d 415, 208 N. E. 2d 858 (1965), which upheld forfeitures in pension and profit sharing plans. As a basis for upholding the forfeiture clauses, the Rochester and Van Pelt courts emphasized the facts that the employer contributed the funds to the plan and that the employer could not obtain an injunction preventing an employee from competing with the employer. These holdings conflict with this state's policy against unreasonable anticompetitive restraints. Their reasoning would justify even the broadest of forfeiture-for-competitive-activities provisions in pension and profit sharing agreements. Certainly this is not consistent with the posture this court has taken in enforcing only reasonable employee covenants not to compete.[3] See, e. g., Eutectic Welding Alloys Corp. v. West, 281 Minn. 13, 160 N. W. 2d 566 (1968).

Defendant-appellant contends that limitations on the scope of Section II, Article 7, Paragraph 7.04, of the profit sharing trust are implied by the language of the clause. He argues that this paragraph is only operative when "an employee leaves the company to enter into a competing business"; hence, an employee must leave for the immediate purpose of competing in the im-

---

[3] While the Rochester court attempted to distinguish between covenants not to compete in employment contracts and the penalty imposed under profit sharing plans for competing, the purpose of both arrangements is the same; therefore, under the common law, such agreements should be enforced only when they are found to be reasonable in scope after balancing the interests of the employer and employee.

mediate vicinity of the agency to forfeit his vested interest. The plain language of Paragraph 7.04 does not support this interpretation.

The forfeiture clause of the profit sharing plan and trust agreement constitutes an unlawful restraint of trade because it is not limited as to time, harm to the employer, or geographical area. The clause which causes Harris to forfeit part of his compensation in order to exercise his right to compete is broader than necessary to protect the legitimate interest of the employer and is not reasonably limited as to time and territory.

We find that the district court was correct in holding that the forfeiture clause is an illegal restraint of trade at common law. It is, therefore, unnecessary to discuss the applicability of Minn. St. 181B.101 to this employer, or whether such retroactive application would be an impairment of the obligation of contract or denial of due process.

Affirmed.

MR. CHIEF JUSTICE SHERAN took no part in the consideration or decision of this case.