[No. 13576-4-III.   Division Three.   February 2, 1995.]

COPIER SPECIALISTS, INC., *Appellant*, v. JASON GILLEN, *Respondent*.

*John G. Schultz, George Fearing,* and *Leavy, Schultz & Davis,* for appellant.

*Dan F. Hultgrenn* and *McKinlay & Hultgrenn,* for respondent.

MUNSON, J. — Copier Specialists, Inc., appeals the judgment dismissing its claim against a former employee for violation of an agreement not to compete. Copier Specialists contends the court erred in determining the agreement was unenforceable because it was not reasonably necessary to protect Copier Specialists' business.

Copier Specialists sells and repairs Ricoh brand business equipment. Copier Specialists hired Jason Gillen, then a high school senior, in May 1992, while he was still enrolled at the Tri-City vocational school. The first 2 to 3 months of Mr. Gillen's employment consisted of training in electronics and copier repair work. At the conclusion of his training Mr. Gillen failed to pass the class; Copier Specialists provided him with additional training and he passed the test on his second try.

At the beginning of his employment, Mr. Gillen signed an agreement which provided:

7. It is further agreed, that in the event of termination of my employment with Copier Specialists, for a period of three years (36 months) following said termination, I shall not directly, or indirectly within any sales territory, as outlined herein, or within a fifty (50) mile radius of such territory accept employment, consult with or become associated or affiliated with any person, sole proprietorship, partnership or corporation, in any capacity involving activities competitive to Copier Specialists in the photocopy, typewriter, fax, or like industries, or otherwise engage in such competitive activities on my own account or any other merchandising that Copier Specialists may, to my knowledge, be in, without limiting the generality of the foregoing, it is specifically agreed that during said one year (12 months) period I shall not call on, contact or communicate with, for any competitive purpose whatsoever, any business within the territory set forth below.

Copier Specialists terminated Mr. Gillen's employment after 6 months on November 13, 1992. There was no testimony as to the reason for his termination. He later found employment with Basin Office Systems repairing other brands of copy machines. This employment does not involve any sales activity. According to Basin's owner Thomas Spurgeon, Mr. Gillen did not have or provide Basin with any technical information or information about customers obtained during his employment at Copier Specialists. Copier Specialists sued Mr. Gillen for breach of the covenant not to compete. The trial court found the covenant was not necessary to protect Copier Specialists' business and dismissed the claim.

■ Copier Specialists contends the court erred in determining the noncompetition covenant was not reasonably necessary, arguing the covenant was necessary to protect its investment in Mr. Gillen's training. A contract in partial restraint of trade is enforceable, but only if it is reasonable. *Sheppard v. Blackstock Lumber Co.*, 85 Wn.2d 929, 931, 540 P.2d 1373 (1975).

Whether a covenant is reasonable involves a consideration of three factors: (1) whether restraint is necessary for the protection of the business or goodwill of the employer, (2) whether it imposes upon the employee any greater restraint than is reasonably necessary to secure the employer's business or goodwill, and (3) whether the degree of injury to the

public is such loss of the service and skill of the employee as to warrant nonenforcement of the covenant.

*Perry v. Moran*, 109 Wn.2d 691, 698, 748 P.2d 224 (1987) (quoting *Knight, Vale & Gregory v. McDaniel*, 37 Wn. App. 366, 369, 680 P.2d 448, *review denied*, 101 Wn.2d 1025 (1984)), *modified on other grounds*, 111 Wn.2d 885, 766 P.2d 1096, *cert. denied*, 492 U.S. 911 (1989). Restraint has been held necessary to protect a business from the unfair advantage a former employee may have by reason of personal contact with the employer's patrons or customers, acquisition of information "as to the nature and character of the business and the names and requirements of the patrons or customers" during his or her employment. *Wood v. May*, 73 Wn.2d 307, 310, 438 P.2d 587 (1968) (quoting Annotation, *Validity and Enforceability of Restrictive Covenants in Contracts of Employment*, 9 A.L.R. 1467 (1920)). Copier Specialists has cited no Washington case holding restraint may be necessary to protect a business from the advantage a former short-time employee may have by reason of the skills and training acquired during his or her employment.

■ The general rule in most jurisdictions is that skills acquired by an employee during his or her employment do not warrant enforcement of a covenant not to compete. 17 C.J.S. *Contracts* § 254, at 1141 (1963); *see Lessner Dental Labs., Inc. v. Kidney*, 16 Ariz. App. 159, 492 P.2d 39 (1971); *Century Personnel, Inc. v. Brummett*, 499 N.E.2d 1160, 1163 (Ind. Ct. App. 1986); *Silver v. Goldberger*, 231 Md. 1, 6, 188 A.2d 155, 158 (1963); *Folsum Funeral Serv., Inc. v. Rodgers*, 6 Mass. App. Ct. 843, 372 N.E.2d 532 (1978); *Richmond Bros., Inc. v. Westinghouse Broadcasting Co.*, 357 Mass. 106, 256 N.E.2d 304 (1970); *Raven v. A. Klein & Co.*, 195 N.J. Super. 209, 213, 478 A.2d 1208, 1210 (1984); *Paramount Pad Co. v. Baumrind*, 4 N.Y.2d 393, 151 N.E.2d 609, 175 N.Y.S.2d 809 (1958); *but see Barry v. Stanco Communications Prods., Inc.*, 243 Ga. 68, 252 S.E.2d 491 (1979) (treating employee's training as a relevant factor, in addition to opportunities to develop contacts with customers).

The trial court found Mr. Gillen "had a very limited contact with [Copier Specialists'] customers and there were no

client lists to protect". The training he acquired during his employment, without more, does not warrant enforcement of the covenant not to compete.

Affirmed.

THOMPSON, C.J., and SCHULTHEIS, J., concur.