96 F.3d 1451
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
FOUR SEASONS FREIGHT SERVICES, INC., f/k/a Four Seasons
Truck Brokerage, Inc., a Washington corporation,
Plaintiff-Appellee,
v.
Michael A. HARALSON and Terri Haralson, husband and wife,
Defendants-Appellants.
 No. 95-35703.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 7, 1996.
Decided Sep. 04, 1996.
 
 Before: ALARCON, NORRIS and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Michael A. Haralson and Terri Haralson ("the Haralsons") appeal from the injunction issued by the district court prohibiting Mr. Haralson from engaging in any business with companies on Four Seasons Freight Services' ("Four Seasons") customer list for a period of four years. The district court denied the Haralsons' motion for a summary judgment. The court rejected the Haralsons' claim that the parties' covenant not to compete is void as a general restraint of trade. The court also ruled that the covenant was unreasonable as written. Because it concluded that there were no genuine issues of material fact in dispute, the district court next proceeded to modify the covenant not to compete and entered a final order granting injunctive relief to Four Seasons. We affirm the district court's legal rulings regarding the covenant not to compete. We vacate the court's reformation of the covenant and its injunction prohibiting Mr. Haralson from violating the reformed covenant. We conclude that the court did not provide the parties adequate notice of its intention to reform the agreement and to issue a permanent injunction.
 
 I.
 
 3
 Four Seasons urges that we dismiss the appeal because the Haralsons' opening brief lacked a jurisdictional statement, and a statement of the issues presented for review, as required by Fed.R.App.P. 28(a)(2). Four Seasons also argues that we should dismiss the appeal because the Haralsons did not submit a statement of the issues they intended to present for review within 10 days after the record was filed, as required by Fed.R.App.P. 30(b).
 
 
 4
 Although it is true that the Haralsons did not literally comply with each of the requirements of the rules, we address the merits of the appeal because the Haralsons' neglect has not impaired the ability of Four Seasons to respond to each issue. The nature of the issues presented for review is evident from the headings in the Haralsons' opening brief. Furthermore, their reply brief contains a jurisdictional statement, and an adequate recitation of the issues. See Larez v. City of Los Angeles, 946 F.2d 630, 637 (9th Cir.1991) (the failure to include a formal statement of the issues in the opening brief is not a ground for dismissal where the issues can be gleaned from the opening brief's argument headings, and where the reply brief contains a formal statement of the issues).
 
 II.
 
 5
 The Haralsons contend that the covenant not to compete was void as a general restraint of trade. In this diversity action, we must apply the substantive law of the state of Washington. See Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938) (in diversity cases, federal courts must apply the substantive law of the forum state). We review a district court's interpretation of state law de novo. Nat'l Union Fire Ins. Co. v. Showa Shipping Co., 47 F.3d 316, 322 (9th Cir.1995).
 
 
 6
 "In Washington, covenants not to compete contained in employment contracts are enforced to the extent that they are reasonable and lawful, giving special consideration to time and area restrictions." Armstrong v. Taco Time Int'l, 635 P.2d 1114, 1117 (Wash.App.1981); see also Wood v. May, 438 P.2d 587, 590 (Wash.1968); Shephard v. Blackstock Lumber Co., Inc., 540 P.2d 1373, 1375 (Wash.1975). Under Washington law, the court has the power to modify an overly broad covenant not to compete to make it reasonable. Armstrong, 635 P.2d at 1118. Accordingly, the district court did not err in rejecting the Haralsons' contention that the covenant not to compete must be declared unenforceable solely because it is overly broad.
 
 III.
 
 7
 The Haralsons assert that the district court erred in reaching the question whether the covenant not to compete was unreasonable because neither party addressed this issue in the summary judgment proceedings. This argument is meritless. Both parties addressed the reasonableness of the covenant not to compete in the briefs they filed in the district court to assist it in ruling on the motion for a summary judgment. In their memorandum in support of their motion for a summary judgment, the Haralsons argued that "even if this court was to determine that [the covenant not to compete is] ... a partial restraint, this court should elect not to enforce such a restraint if it is too unduly burdensome." In their reply memorandum, the Haralsons asserted that "the covenant prohibits Haralson from soliciting between 26,000 and 28,000 businesses--over 99.99% of which would not injure Four Seasons! Such a prohibition clearly is unreasonable in light of the protections needed." In its memorandum in response to the Haralsons' motion for summary judgment, Four Seasons argued as follows:
 
 
 8
 Washington law recognizes noncompete agreements as to the extent they are reasonable: ... 'Whether a covenant is reasonable involves a consideration of three factors: (1) whether restraint is necessary for the protection of the business or goodwill of the employer, (2) whether it imposes upon the employee any greater restraint than is reasonably necessary to secure the employer's business or goodwill, and (3) whether the degree of injury to the public is such loss of the service and skill of the employee as to warrant nonenforcement of the covenant.'...
 
 
 9
 Here the first factor is met ... A noncompete agreement appears necessary in truck brokerage ... to protect a business's customer base and goodwill from erosion by former employees in whom the business has entrusted the customer base, and whom it has trained in unique business methods that generate goodwill ...
 
 
 10
 The second ... requirement is also met. Given the repeat business of many customers, the time within which the covenant applies is facially reasonable. Given the national scope of trucking businesses, which operate for the purpose of interstate transportation, the geographic prohibition also appears reasonable ... [I]t is similarly reasonable for the noncompete agreement to be generalized because of the difficulty in policing any solicitations.
 
 
 11
 The third ... requirement is also met. With due respect to Michael Haralson, his job performance is not so unique that the public will suffer if he is prohibited from it.
 
 
 12
 Four Seasons did not file a cross-motion for a summary judgment. Because there was no genuine issue of fact in dispute concerning the express terms of the employment contract, the district court acted within its powers in granting summary judgment sua sponte in favor of Four Seasons. We explained this principle in Cool Fuel, Inc. v. Connett, 685 F.2d 309 (9th Cir.1982):
 
 
 13
 [T]he overwhelming weight of authority supports the conclusion that if one party moves for summary judgment and, ... it is made to appear ... that there is no genuine dispute respecting a material fact essential to the proof of movant's case and that the case cannot be proved if a trial should be held, the court may sua sponte grant summary judgment to the non-moving party. ... [if] the moving party against whom summary judgment was rendered had a full and fair opportunity to ventilate the issues involved in the motion.
 
 
 14
 Id. at 311-12.
 
 
 15
 Because determination of the reasonableness of a covenant not to compete is a question of law, it was appropriate for the district court to rule on this issue at summary judgment. Perry v. Moran, 748 P.2d 224, 228 (Wash.1987) ("Absent disputed facts, the construction or legal effect of a contract, including the 'reasonableness' of a covenant not to compete, is determined by the court as a matter of law.") (quoting Knight, Vale & Gregory v. McDaniel, 680 P.2d 448, 451 (Wash.App.1984)), cert. denied, 492 U.S. 411 (1989). Here, the Haralsons had an adequate opportunity to discuss all the issues regarding the validity of the covenant not to compete and no genuine issue of fact was disputed.
 
 IV.
 
 16
 The Haralsons also argue that the court erred when it modified the covenant not to compete, and issued an injunction prohibiting Mr. Haralson from violating the terms of the modified covenant, without conducting a hearing. We agree.
 
 
 17
 Neither party requested that the court modify the covenant or issue an injunction during the summary judgment proceedings. The court did not inform the parties, prior to issuing its sua sponte order granting summary judgment in favor of Four Seasons, that it would reform the agreement and issue a permanent injunction as well. In fact, the court had scheduled a hearing to consider the Haralsons' motion to reconsider the order granting a preliminary injunction. This hearing was to follow the court's ruling on the Haralsons' motion for summary judgment. The district court reformed the agreement and issued the permanent injunction without conducting a hearing on the motion for reconsideration. The court failed to rule on this motion.
 
 
 18
 Because of the lack of any notice that the court would reform the employment contract and issue a permanent injunction, the parties did not have a fair opportunity to present their views regarding provisions that would make the covenant not to compete reasonable, or to offer evidence to assist the court in crafting an injunction that was not overbroad.
 
 
 19
 We cannot determine from this record whether the reformed covenant is reasonable, or whether the injunction contains limitations on Mr. Haralson's ability to contact business prospects that are unnecessary to protect Four Seasons' interests. We are persuaded that the parties are entitled to a hearing in this matter to develop a record that will enable this court to grant them appropriate consideration of their opposing positions on the merits of the district court's judgment.
 
 V.
 
 20
 The Haralsons assert that the district court erred under Fed.R.Civ.P. 30(e) in allowing untimely and unexplained changes in Thomas Edwards' deposition testimony as to the definition of a Four Seasons' "customer." The Haralsons have failed to demonstrate that the district court's error was harmful. The district court noted in its judgment that the "disputes regarding Edwards' definition of customer [had] no bearing on the court's resolution of [the] summary judgment motion." Accordingly, the Haralsons' argument that the definition of "customer" was critical to the court's ruling on the summary judgment motion is not supported by the record. We have concluded that a remand is necessary to permit the parties to be heard on the terms that are required to make the covenant reasonable, and the proper scope of the injunction that should be issued to enforce the agreement as reformed. We do not reach the question whether the deposition as modified will be admissible at the hearing conducted in response to our mandate.
 
 VI.
 
 21
 The parties' contract provides that the employer may recover attorney's fees expended to enforce it. The Haralsons contend that they are entitled to attorney's fees for both the district and appellate court proceedings under Wash.Rev.Code § 4.84.330.[2] The interpretation of a statute is a question of law which we review de novo. Forest Conservation Council v. Rosboro Lumber Co., 50 F.3d 781, 783 (9th Cir.1995).
 
 
 22
 The parties' covenant not to compete was neither enforced as originally written, nor was it deemed void. Although the court found that Mr. Haralson was in breach of the covenant not to compete, it also found that the covenant, as written, was unreasonable. Because Four Seasons failed to obtain both the damages and the injunctive relief it sought pursuant to the original covenant not to compete, both parties were favored by the court's decision. Thus neither party "prevailed" for purposes of section 4.84.330. See Rowe v. Floyd, 629 P.2d 925, 926-27 (Wash.Ct.App.1981) (holding that neither party was entitled to its attorney's fees under the statute because "both parties were favored by the order appealed from").
 
 
 23
 Four Seasons argues that it is entitled to attorney's fees under 28 U.S.C. § 1912 and Fed.R.App.P. 38 because the appeal was frivolous. The appeal was not frivolous. This court has ruled in favor of the Haralsons on some of the issues raised in their appeal.
 
 
 24
 AFFIRMED in part, VACATED in part.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [2]
 Wash.Rev.Code § 4.84.330 provides in pertinent part: where [a] contract or lease specifically provides that attorney's fees and costs, which are incurred to enforce the provisions of such contract or lease, shall be awarded to one of the parties, the prevailing party, whether he is the party specified in the contract or lease or not, shall be entitled to reasonable attorney's fees in addition to costs and necessary disbursements